IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **POLYWAD INC.,**  *Plaintiff,*  v.  **FEDERAL CARTRIDGE COMPANY,** *et al.,*  *Defendants.* | CIVIL ACTION NO. 5:23-cv-00460-TES |

**ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Polywad, Inc. ("Polywad"), filed a Complaint [Doc. 1] on November 14, 2023. Defendant Vista Outdoors Inc. ("Vista") filed a Motion to Dismiss [Doc. 9] on December 11, 2023. That same day, Defendant Federal Cartridge Company ("Federal") filed a Motion to Transfer Venue and Dismiss [Doc. 10].

Polywad filed its First Amended Complaint [Doc. 15] on January 16, 2024, and moved the Court to deny Defendants' Motions to Dismiss as moot—arguing that "the Original Complaint has been superseded by the First Amended Complaint, mooting the Motions which address the Original Complaint." [Doc. 16, pp. 1–2]. Defendants replied, pointing out that Polywad's amendment was improper under Rule 15(a). [Doc. 17, pp. 2–3]; [Doc. 18, pp. 2–3]; Fed. R. Civ. P. 15(a).

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading

once as a matter of course within . . . 21 days after . . . service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Vista and Federal moved to dismiss Plaintiff's Complaint under Rule 12(b) on December 11, 2023, so Polywad's deadline to amend its Complaint as a matter of course was January 2, 2024. *See* [Doc. 9]; [Doc. 10]; Fed. R. Civ. P. 12(b), 15(a)(2), 7(a)(1). On January 16, 2024, two weeks after the deadline, Polywad filed its First Amended Complaint [Doc. 15] without seeking or securing Defendants' written consent or the Court's leave. See Fed. R. Civ. P. 15(a)(2); [Doc. 17, p. 3]; [Doc. 18, p. 2].

To be sure, Polywad filed an Unopposed Motion to Extend its Time to Respond to Defendants' Motions to Dismiss [Doc. 13], and the Court issued an Order [Doc. 14] granting that Motion. However, that Order extended Polywad's time to file a response to the Defendants' pending motions to dismiss under Local Rule 7.2—not the time to amend under Rule 15(a)(1)(B). [Doc. 14]; *see* LR 7.2, MDGa; Fed. R. Civ. P. 15(a)(2); *Annen v. Bank of Am., N.A.*, No. 1:12-CV-02307-CAP, 2012 WL 12873781, at *1 (N.D. Ga. Sept. 20, 2012) (holding that a court order extending plaintiff's time to respond to defendants' motion to dismiss did not extend time to amend complaint). Thus, Polywad's attempt to amend its Complaint failed to comply with Rule 15(a)(1)'s requirements and is due to be stricken. *See* [Doc. 15]; Fed. R. Civ. P. 15(a)(1).

Believe it or not, the Court recalls its time as a practicing lawyer and suspects that Polywad just assumed that the extension of time under Local Rule 7.2 also extended its time to amend its complaint as a matter of right under Rule 15(a)(1)(B). *See* [Doc. 14]. After the Court strikes Plaintiff's First Amended Complaint, Plaintiff has nothing of substance to refute Defendants' very serious Motions to Dismiss. That doesn't seem the best way to proceed in the Court's eyes.

With that in mind, the Court will give Polywad one week to either file a substantive response to the Defendants' motions to dismiss, consent to the transfer of venue to a Minnesota District Court or to file a proper motion for leave to amend its Complaint. If Polywad chooses to move for leave to amend its Complaint, it must, of course, attach a copy of the proposed amendment to the motion. *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006).

Accordingly, because Polywad improperly amended its Complaint, the Court **STRIKES** Plaintiff's First Amended Complaint [Doc. 15]. Plaintiff must respond in one of the three ways listed above **by February 7, 2024**. Plaintiff should not ask for any extensions under the Local Rules or by motion without exceptional cause.

**SO ORDERED**, this 31st day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**